**TYSON & MENDES LLP**
THOMAS E. MCGRATH
Nevada Bar No. 7086
Email: tmcgrath@tysonmendes.com
RACHEL J. HOLZER
Nevada Bar No. 11604
Email: rholzer@tysonmendes.com
3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 724-2648
Fax: (702) 938-1048
*Attorneys for Defendant Privilege Underwriters Reciprocal Exchange a/k/a/ PURE*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SLOBODANKA DJORDJEVIC-MIKIC, individually,<br><br>Plaintiff,<br><br>vs.<br><br>PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE a/k/a PURE; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-02667-JCM-CWH<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between Defendant PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE A/K/A/ PURE, by and through its counsel, Thomas E. McGrath, Esq. and Rachel J. Holzer, Esq., of the law firm of Tyson & Mendes, LLP, and Plaintiff SLOBODANKA DJORDJEVIC-MIKIC, by and through her counsel, Farhan Naqvi, Esq. and Elizabeth Coleman, Esq., Naqvi Injury Law, that in order to facilitate the exchange of information and documents, which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means the above-entitled proceeding: *SLOBODANKA DJORDJEVIC-MIKIC v. PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE a/k/a PURE, DOES 1*

1

*through X, inclusive; and ROE CORPORATIONS I through X, inclusive,* pending in the United States District Court for the District of Nevada, Case No. 2:17-cv-02667-JCM-CWH.

b. "Court" means Magistrate Carl W. Hoffman, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under FRCP 26(b)(5).

d. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

e. "Designating Party" means the Party that designates Materials as "Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Civil Procedure 34, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents or Testimony.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The parties may, in good faith, designate documents and/or information reasonably believed to constitute or disclose proprietary and commercially sensitive business information trade secrets, confidential research, development, testing, commercial information, medical information, or personal information the disclosure of which would cause an identifiable and significant harm and/or in which the producing party has a protected proprietary interest as confidential.

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the

discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

5. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.

6. In the event the parties have a good faith dispute about whether any specific document has appropriately been designated as "Confidential", the parties shall confer in good faith in an attempt to informally resolve their dispute without court intervention. If the parties are unable to resolve their dispute(s) after a good-faith effort, the party asserting the document(s) or other information is appropriately designated as "Confidential" shall set up a conference call with the Magistrate or file a motion for protective order. The parties agree to treat the documents and information designated as "Confidential" as such until the Court rules regarding the motion for protective order and/or issues its ruling regarding the dispute.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following "Qualified Persons":

    a. the Parties;

    b. the Court;

    c. Attorneys of record in the Proceedings and their affiliated attorneys, in

house counsel, paralegals, clerical and staff employed by any such attorneys;

        d.      Companies/individuals hired to assist with this matter such as outside copying services and data processing companies;

        e.      court reporters and videographers in this Proceeding (whether at depositions, hearings, or any other proceeding);

        f.      Deponents, subject to the deponent's execution of the Non-Disclosure Agreement attached as Exhibit A;

        g.      Mediators and their staff;

        h.      The Court and Court personnel;

        i.      outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing, subject to the expert or expert consultant's execution of the Non-Disclosure Agreement attached as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach.

    8.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

    9.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

    10.    Except to the extent otherwise permitted by this Stipulated Protective Order, counsel shall keep all materials or information designated as confidential and subject to this Stipulated Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

11. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission or otherwise to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena. If the Designating Party does not act to protect its interests in accordance with applicable procedural rules by objecting within 14 days after receiving notice of the subpoena/request, the other party in receipt of the subpoena, agency request for information or other legal process shall be entitled to disclose the confidential information to the requestor.

12. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

13. Unless otherwise permitted by Nevada law or court order, Confidential Materials submitted/filed with the Court under seal, shall be accompanied by a motion for leave to file those documents under seal and shall be filed in accordance with the Court's electronic filing and in compliance with Local Rule IA 10-5 and Local Rule IC 6-1.

14. This Order shall govern the use of Confidential Materials at trial or hearings in this matter. The Parties shall meet and confer regarding the use of Confidential Materials at trial and hearings, and shall move the Court for entry of an appropriate order.

15. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding,

except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

16. All documents and tangible things marked as Confidential Materials shall be held by the party receiving same in confidence and used solely for the purpose of this Proceeding. At the conclusion of the Proceeding, by settlement, trial or appeal, counsel for the Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof or (b) destroy the Confidential Material, written confirmation regarding which shall be provided to the Designating Party upon request therefor. However, counsel of record for the Parties may retain their own attorney-client privileged or work product protected documents that cite, quote or reference Confidential Materials.

17. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

18. The Parties and all signatories to the Certification attached hereto as Exhibit A, agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order.

b. Defendants shall have the burden to bring a Motion seeking further confidentiality protection for any documents not agreed upon by counsel, should Plaintiff challenge it.

c. Documents that have been deemed confidential shall remain confidential during the deposition of Defendants' Federal Rule of Civil Procedure 30(b)(6) witness(es), and for any questioning of the 30(b)(6) witness related to the confidential documents. A deposition transcript may be designated confidential by any party or witness by requesting such treatment

thereof either (1) on the record, or (2) by written communication mailed within thirty (30) days after receipt by the witness or his counsel of the transcript. All parties shall treat a deposition transcript as confidential during said thirty (30) day period. The party requesting confidential designation shall identify by page and line the portions of the transcript that the Designating Party intends to designate as Confidential Materials in written correspondence served to all counsel of record within 30 days after the Designating Party receives the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the Designating Party during this time period shall remain confidential subject to this Order. Copies of all exhibits designated as Confidential Materials shall be separately marked accordingly.

It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

DATED this 28th day of February, 2019.     DATED this 28th day of February, 2019.

NAQVI INJURY LAW                            TYSON & MENDES LLP


*/s/ Elizabeth E. Coleman, Esq.*            */s/ Rachel J. Holzer, Esq.*
FARHAN R. NAQVI                             THOMAS E. MCGRATH
Nevada Bar No. 8589                         Nevada Bar No. 7086
ELIZABETH E. COLEMAN                        RACHEL J. HOLZER
Nevada Bar No. 12350                        Nevada Bar No. 11604
9500 West Flamingo Road, Suite 104          3960 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89147                     Las Vegas, Nevada 89169
*Attorneys for Plaintiff*                   *Attorneys for Defendant*
*Slobodanka Djordjevic-Mikic*               *Privilege Underwriters Reciprocal Exchange a/k/a/ PURE*

## ORDER

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: ___March 1, 2019___              _____
                                         UNITED STATES MAGISTRATE JUDGE



8

# **EXHIBIT A**

## **NON-DISCLOSURE AGREEMENT**

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of *SLOBODANKA DJORDJEVIC-MIKIC v. PRIVILEGE UNDERWRITERS RECIPROCAL EXCHANGE a/k/a PURE, DOES 1 through X, inclusive; and ROE CORPORATIONS I through X, inclusive,* pending in the United States District Court for the District of Nevada, Case No. 2:17-cv-02667-JCM-CWH.

I further understand that the Stipulated Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them.

I further acknowledge that I will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with Plaintiffs or Defendants. In accepting disclosure, I agree to be bound by the Stipulated Protective Order and to be subject to the jurisdiction of the United States District Court for the District of Nevada for the purpose of its enforcement of the Stipulated Protective Order and the enforcement of my obligations under this Non-disclosure Agreement.


Dated: _____    _____
                                       Recipient's Signature